Hall, J.
1. Under an act of the Legislature, and a vote of the citizens in accordance therewith, the 'city of Athens, in 1873, subscribed for one thousand shares in the Northeastern Railroad Co. issued and negotiated bonds to pay this subscription, and for their redemption levied an annual tax upon the property within the city limits. The road was completed for about forty miles, which exhausted its funds, and it was unable to extend its construction further. Its stock fell from par to 71 per cent., and unless it could be extended so as to connect with other progressing or contemplated improvements beyond the State, the stock taken by the city was likely to become worthless. To save this loss, the mayor and council entered into a contract with the “ Terminal Company of Virginia” to extend the Northeastern Railroad to a point named within a specified time; and in consideration of this and certain advantages as to freight over the Richmond & Danville Railroad, the mayor and council transferred to the Terminal Company the thousand shares of stock belonging to the city. The road was completed for a portion of the agreed distance within the specified time, -when the *50 mayor and council, believing that they had already secured such extension as would be most conducive ¡0 the interests of the city, made another contract with the Terminal Company whereby they released the latter from its obligation to extend the road further, and in consideration of this release the company agreed, within two years, to build and equip, or cause to be built and equipped, a railroad from the city of Athens to a point on the Georgia railroad. Certain citizens and prop erty owners sought to enjoin the performance of this contract, as being ultra, vires and detrimental to the interests of the city and the rights of the complainants:
T. W. Rucker; Pope Barrow, for plaintiff in error. ■
S. P. Thurmond; Alex. S. Erwin, for defendants.
Held, that an injunction should have been denied. The governing body of the city has a discretion in the management and disposition of its property, and when they exercise this discretionary power bona fide, a court of equity will not interfere; nor is such a body answerable for an erroneous exercise of its discretion, although injurious consequences may result therefrom. 19 Ga., 471.
(a.) The fact that a vote of the qualified voters of the city was necessary to the original subscription to the stock did noc^make it necessary that another vote should be held as to the disposition made of it. 59 Ga., 77Í.
2. The second contract in this case was not a subscription to the stock of a railroad company on the part of the city, nor the assumption of any burden or liability by it, but was the substitution of one consideration for another which was deemed more advantageous. Code, §5187.
Judgment reversed.